## Dunn et ux. *v.* Hatch Motors Co., Appellant.

*Negligence—Automobiles—Running past standing motor car— Running down child at crossing—Darting out—Case for jury.*

1. Where a driver of an automobile, in approaching a street crossing, sees a motor car standing at the crossing, he is bound to stop when he sees such car, or to have his car under such control, as he passes it, that he can stop on the shortest possible notice, or otherwise safeguard pedestrians in the highway in front of him.

2. If the driver fails to do so, and runs down and kills a child at the crossing, a jury may find him guilty of negligence, and award damages against his employer.

*Negligence — Damages — Evidence — Witness's wages— Child's likely earnings —Excessive verdict —Exception —Appeals —Question not raised below—No assignment of error.*

3. It seems that witnesses should not be allowed to state their wages to show a deceased child's likely earnings.

4. The appellate court will not say whether a verdict was excessive when no exception was taken in the court below as to this question, and no assignment of error covers it.

Argued May 21, 1924. Appeal, No. 49, Jan. T., 1925, by defendant, from judgment of C. P. No. 2, Phila. Co., June T., 1922, No. 2752, on verdict for plaintiffs, in case of Earl A. Dunn and Antonetta Dunn, his wife, v. The Hatch Motors Co. Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Trespass for death of plaintiff's child. Before GORDON, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiffs for $3,315. Defendant appealed.

*Error assigned* was refusal of judgment for defendant n. o. v., quoting record.

*Harry R. Axelroth,* for appellant.—There was no case for the jury: Ferrell v. Solski, 278 Pa. 565; Lessig v. T. & L. Co., 270 Pa. 299.

The verdict was excessive: McCleary v. Ry., 47 Pa. Superior Ct. 366; Nevins v. Del. & Hudson Co., 261 Pa. 32.

*William Charles Brown,* for appellees.

OPINION BY MR. JUSTICE SCHAFFER, July 8, 1924:

This appeal is by defendant from a judgment entered on a verdict for plaintiffs in an action to recover damages for the death of their minor daughter, a child four and one-half years old, who was struck by appellant's automobile when she was crossing Ridge Avenue at the intersection of Kalos Street in the City of Philadelphia.

The only assignment of error is the failure of the trial court to enter judgment for defendant non obstante veredicto. Under the evidence, there was no warrant for so doing.

The trial judge thus graphically epitomized the case as presented by the witnesses on the one side and the other; speaking of plaintiffs' evidence: "This is the picture of a car coming up behind another car, which stops at a crossing, swerving out and without giving any warning, at the rate of speed which you have heard, goes around the standing car to the left and dashes across this crossing, at which the first car had stopped, and does not stop for one hundred and fifty feet;" of defendant's: "The picture [is] of a car coming up behind another, at the rate of speed of twelve miles an hour, the child running out suddenly from behind another car, from the sidewalk, and in that emergency the front car, and then the defendant's second car, swinging to the left, to avoid the accident."

A witness, called in plaintiffs' behalf, who was at the scene of the accident, testified that a Ford automobile came to the crossing and stopped, the driver giving the customary signal to halt traffic behind him by throwing

out his hand, that defendant's car came up in the rear of it, without blowing a horn, and, instead of stopping, went around to the left of it, striking the deceased child and then proceeded 150 feet along Ridge Avenue, where it collided with another automobile. A child who was with the deceased said that, as they came together to the crossing, a motor came up to it and stopped to let them pass over, that they were hand in hand, that the deceased child pulled her hand loose and started ahead, when defendant's car came up behind the halted one, passed it to the left, struck her companion and went on. The testimony of appellant's driver, and of other witnesses, was to the effect that the child suddenly darted into the street in front of the Ford car, that both automobiles were in motion and swerved to the left in order to avoid striking her, that the Ford car was successful, but appellant, owing to the suddenness of her appearance, was not, and in the endeavor to safeguard the child, collided with the Ford and stopped almost instantly, its speed not being in excess of twelve miles an hour. With the evidence in this shape the court could not have disposed of the case as a matter of law.

The rule laid down in Eckert v. Merchant's Shipbuilding Corporation, 280 Pa. 340, is applicable here. There a team approached a crossing and halted a few feet from it to allow the plaintiff to pass over. As he walked in front of the team, defendant's automobile ran around its left side and struck him. We said: "He [defendant's chauffeur] disregarded the standing team, and plaintiff and those with him, who were using or intending to use the crossing, and did not sound his horn as he approached.....The driver was bound.....to either stop when he saw the stationary team, or have his car under such control as he passed it, that he could have stopped it on the shortest possible notice, or otherwise have safeguarded plaintiff in the highway in front of him......[Plaintiff] had the right to cross the street where he did

and when he did and to rely on the driver of the automobile not running him down."

Though appellant's counsel has argued that the verdict is excessive, no exception was taken as to this and no assignment of error covers it, hence this matter is not before us for consideration. We do not wish, however, by our affirmance of the judgment to be understood as approving it in amount, or the evidence upon which it seems to have been founded, that of two witnesses, girls working in a mill, as to what their wages were, to show the deceased child's likely earnings. It is sufficient to say that this evidence was not objected to and that at the trial defendant was apparently satisfied with it as a proper standard of the earning capacity of the child.

The judgment is affirmed.